UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BROWN,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>           Defendant. | Case No. 1:19-cv-01755-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

On May 4, 2020, the Court issued a screening order directing Plaintiff to file a first amended complaint within 21 days. (Doc. 9.) Plaintiff failed to file an amended complaint or to otherwise respond to the screening order. Therefore, on June 8, 2020, the Court issued an order to show cause why this action should not be dismissed for failure to comply with the Court's order. (Doc. 10.) The U.S. Postal Service returned the screening order and the order to show cause as undeliverable on June 16 and 23, respectively. To date, Plaintiff has not updated his address with the Court or responded to either order.

As explained in the Court's first informational order, parties appearing *pro se* must keep the Court advised of their current address. (Doc. 3 at 5.) Pursuant to Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service, and the plaintiff fails to update his address within 63 days, the Court may dismiss his action for failure to prosecute. Local Rule 183(b).

1    Local Rules also provide, "[f]ailure of counsel or of a party to comply with … any order
2    of the Court may be grounds for the imposition by the Court of any and all sanctions … within
3    the inherent power of the Court." Local Rule 110. "District courts have inherent power to control
4    their dockets" and, in exercising that power, may impose sanctions, including dismissal of an
5    action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A
6    court may dismiss an action based on a party's failure to prosecute an action, obey a court order,
7    or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)
8    (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal
9    Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order);
10   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and
11   to comply with local rules).

12   Although more than 63 days have passed since the U.S. Postal Service returned the
13   Court's screening order, Plaintiff has failed to notify the Court of his current address. It appears
14   that Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is
15   inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and Local Rules.
16   The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.
17   Accordingly, the Court RECOMMENDS that this action be DISMISSED for Plaintiff's failure to
18   prosecute. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

19   These Findings and Recommendations will be submitted to the United States District
20   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days**
21   of the date of service of these Findings and Recommendations, Plaintiff may file written
22   objections with the Court. The document should be captioned, "Objections to Magistrate Judge's
23   Findings and Recommendations."
24   ///
25   ///
26   ///
27   ///
28   ///

2

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 25, 2020**                             **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE